**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

WILLIAM BRANT,                              :
                                            :
                Plaintiff,                  :
vs.                                         :
                                            :   CIVIL ACTION NO:7:04-CV-41(HL)
                                            :
Warden DONALD BARROW, Director              :
of Nursing Elizabeth Fields, ULP LAVERN,    :   **PROCEEDINGS UNDER 42 U.S.C. § 1983**
FRY, Nurse MAPP, and Doctor OKORI,          :   **BEFORE THE U.S. MAGISTRATE JUDGE**
                                            :
                Defendants.                 :
_____

### ORDER and RECOMMENDATION

Plaintiff, **WILLIAM BRANT**, filed the above-styled *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging defendants were deliberately indifferent to his serious medical condition. Plaintiff was granted leave to proceed *in forma pauperis*.

### I. STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by

Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

## II.  PLAINTIFF'S CLAIM

Plaintiff states in his complaint that he broke his foot during a wellness walk on March, 19, 2003.  Plaintiff states that on March, 20, 2003 during a chronic care visit ULP Fry refused him treatment stating that his visit to medical was for high blood pressure and not "sick call."  Plaintiff states that he then spoke with Nurse Mapp who again according to plaintiff denied him treatment. Plaintiff states that Nurse Mapp gave his file to Dr. Okori who again allegedly refused plaintiff treatment.  Plaintiff states that from March 25, 2003 until April 22, 2003 he sent in sick call request that were unanswered.  Plaintiff alleges that he was unable to obtain medical treatment until he spoke with Deputy Warden Nervo.  According to plaintiff, he was seen the next day by Dr. Okori who ordered x-rays which, revealed that plaintiff's foot was broken.

It is well settled that a denial of medical treatment amounts to an Eighth Amendment violation if the prison official demonstrated a deliberate indifference to a serious medical need. ***Estelle v. Gamble***, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "The standard for deliberate indifference focuses on the failure to provide or allow proper treatment in the face of information which reasonably should compel action." ***Howell v. Evans***, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom* ***Howell v. Burden***, 12 F.3d 190, 191 n.* (1994).  "Under section 1983 knowledge of the need for medical

care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference,'" *Carswell v. Bay County*, 854 F.2d 454, 457 (11th Cir. 1988)(citing *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)), and "repeated examples of delayed or denied medical care may indicate a deliberate indifference by prison authorities to the suffering that results," *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(citing *Bishop v. Stoneman*, 508 F.2d 1224 (2d Cir. 1974)). Further, deliberate indifference may be shown by proving that there are "such systematic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Harris*, 941 F.2d at 1505.

Upon initial consideration of plaintiff's complaint, it clearly appears that although Warden Donald Barrow and Elizabeth Fields, Director of Nursing at Valdosta State Prison are named as a defendants, sufficient allegations have not been set forth against them under § 1983. It is a general rule that respondeat superior is not a sufficient basis for imposing liability under § 1983. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986). Plaintiff must show that the defendant had personal knowledge or involvement in the denial of a constitutional right, or was present when the deprivation occurred, but took no action to stop it. *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990). In this instance, plaintiff has not made sufficient allegations as to defendants Barrow and Fields. Therefore, it is the **RECOMMENDATION** of the undersigned that these defendants be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

3

### III. ORDER OF SERVICE

As for the claims against the remaining defendants, ULP LAVERN FRY, Nurse MAPP, and Doctor OKORI, at this juncture it cannot be found that they are wholly without merit.  While it is by no means clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff this court concludes that plaintiff has made sufficient allegations to survive frivolity review.  Accordingly, it is **ORDERED AND DIRECTED** that service be made as provided by law upon said defendants.

#### DUTY TO ADVISE OF ADDRESS CHANGE

**IT IS FURTHER ORDERED** that during the pendency of this action, each party shall at all times keep the Clerk of the court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS!**

#### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. It is the responsibility of the parties to advise the court when this case is ready for trial; it will not be scheduled for trial absent a specific request from plaintiff or defendant.

#### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the

Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties!

### DISCOVERY

**Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought by plaintiff.  Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.** Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

**Plaintiff is hereby advised that the failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed WITHIN 90 DAYS of the date of filing of an answer or dispositive motion by the defendant(s) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion.  The scheduling of a trial herein may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

 The undersigned also incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed twenty-five (25) to each party, requests for production of documents and things under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party, and requests for admissions under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event, no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

After the filing of responsive pleadings by the defendants, the Clerk is directed to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election form on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 28th day of March, 2005.


 /s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE




mh