IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIAM BRANT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7: 04-CV-41 (HL)** |
| LAVERN FRY, et al., | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is a motion for summary judgment filed on behalf of defendants Fry and Mapp. (Doc 23). Plaintiff alleges that he is entitled to damages for alleged ineffective medical treatment he received while at Valdosta State Prison for his left foot. Defendants Fry and Mapp are officials at Valdosta State Prison.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc.,

929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Plaintiff alleges in his complaint that he injured his foot during a wellness walk on March 19, 2003 by stepping on concrete; however, plaintiff states that he did not at that time know that his foot was broken.  The next day on March 20, 2003, plaintiff complained to defendant Fry of the pain and swelling in his foot; plaintiff states that Nurse Fry told him the visit was for his high blood pressure and he would have to see a sick call nurse for his foot.  Fry gave him ibuprofen for the pain.

On March 21, 2003, plaintiff noticed that his foot had swollen to twice its normal size, and requested that it be seen at sick call.  Nurse Mapp examined plaintiff's foot.  Plaintiff admits that he told Nurse Mapp that he thought it might be related to a broken bone he had about 20 years prior, and that he felt the bone "shifting" and could not walk on it because of the pain.  Mapp

then took plaintiff to Fry for further assistance.  According to plaintiff, Fry stated that she would not take a look at his foot, would not prescribe crutches, and told Mapp to have plaintiff leave the medical department.  However, Mapp provided plaintiff an opportunity to see Dr. Okori (who is not a party to this motion).  According to plaintiff, Dr. Okori refused to examine plaintiff, but did provide crutches and continued plaintiff on pain medication percogesic.

   Plaintiff put in a written request to be seen by medical on March 25, 2003.  Hearing no response, plaintiff submitted another request on April 2, 2003 for an examination because of the continuing pain and swelling.  Plaintiff submitted another request on April 10, 2003, and again received no response.  Plaintiff then told his counselor on April 17, 2003 of his condition and the lack of response from medical.  On April 20, 2003, plaintiff gave his request for medical to the pill call nurse.  On the next day, plaintiff told the warden of his problem during inspection.  On April 22, 2003, plaintiff told his counselor that he had still not been taken to medical.  His counselor tried to call medical and received no response.  He told Deputy Warden Nervo of his problem later that day, who advised plaintiff to file a grievance, but that he would try to help plaintiff in the meantime.

   Plaintiff was called in to see Dr. Okori on the next day, April 23, 2003, who examined plaintiff's foot and ordered an x-ray.  The x-ray was taken on April 25, 2003, and it showed that plaintiff's foot was broken.  Dr. Okori told plaintiff that his foot was too swollen for a cast.  On May 6, 2003, plaintiff was taken to Dr. Sanderlin in Valdosta, who put a cast on plaintiff's foot.

   In Nurse Fry's affidavit, she states that she did conduct an initial assessment of plaintiff's foot, and, based upon his suggestion that it might be related to an old injury, concluded that he possibly had arthritis in his foot, and gave him medication for the pain and referred him for a

follow up examination. (Exhibit C, Doc. 23). According to Nurse Mapp's affidavit, plaintiff presented with complaints of foot pain and swelling on March 21, 2003, and was referred to the doctor who gave plaintiff crutches and pain medication. Plaintiff was then scheduled for a follow-up examination on April 23, 2003.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505. It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

A serious medical need is considered "one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted).

Just because a plaintiff disagrees with the medical decision does not evidence deliberate indifference to his serious medical needs.  This case sounds in medical malpractice, which does not arise to the level of a constitutional violation.  Nurse Mapp and Fry have submitted affidavits regarding their treatment of plaintiff's foot.   To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury.  Hill, 40 F.3d at 1186;  Harris,  21 F.3d at 393-94 (11th Cir.1994).  Plaintiff states in his affidavit that a consultation in September of 2005 revealed that plaintiff would have to have surgery to relieve the continuing pain and swelling in plaintiff's foot. (Exhibit, Doc. 26).  However, plaintiff does not provide any documentation to support that statement.

Nothing plaintiff has provided the court, nor anything revealed by a review of the record, rebuts defendants' properly supported motion for summary judgment.    Consequently, it is the RECOMMENDATION of the undersigned that the motion for summary judgment filed on behalf of Fry and Mapp be **GRANTED**[1].  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

---

[1] Dr. Okori is not a party to this motion and therefore remains a defendant in the case.

**SO RECOMMENDED**, this 1st day of August, 2006.

                                                //S Richard L. Hodge
                                                RICHARD L. HODGE
                                                UNITED STATES MAGISTRATE JUDGE

msd