IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **WILLIAM BRANT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:04-CV-41 (HL)** |
| **LAVERN FRY, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |
| : | |

### ORDER

Before the Court is a Report and Recommendation (Doc. 27) from United States Magistrate Judge Richard L. Hodge, which recommends granting the Motion for Summary Judgment (Doc.23) filed by Defendants Fry and Mapp. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a de novo determination of the portion of the Recommendation to which Plaintiff objects. For the reasons stated below, the Recommendation is accepted and the Motion for Summary Judgment filed by Defendants Fry and Mapp is granted.

### I. HISTORY

Plaintiff originally brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison (1) violated the Eighth Amendment when they were deliberately indifferent to his medical needs and (2) violated his procedural due process rights in failing to comply with standard medical procedures established by the State of Georgia governing medical facilities in state prisons. Following discovery, Defendants Fry and Mapp moved for summary judgment arguing the evidence was insufficient to support Plaintiff's Eighth Amendment claim. The Magistrate Judge now

recommends granting the Motion for Summary Judgment filed by Defendants Fry and Mapp.

## II. ANALYSIS

Plaintiff asserts four basic arguments in his objection: (1) Plaintiff's procedural due process claim was not addressed in the Recommendation; (2) Defendant Mapp refused to treat Plaintiff's condition; (3) Defendant Fry refused to treat Plaintiff's condition; and (4) Defendants' failure to properly treat Plaintiff's condition resulted in significant harm.

### A. Procedural Due Process Claim

Initially, the Court notes that pro se complaints are held to less stringent pleading standards and must be liberally construed. Haines v. Kerner, 92 S.Ct. 594, 595 (1972). With that maxim in mind, it appears Plaintiff's Complaint lists two separate causes of action under 42 U.S.C. § 1983. Plaintiff asserts both a Fourteenth Amendment right to due process violation and an Eighth Amendment cruel and unusual punishment violation. In describing the due process violation, Plaintiff states the following:

> Plaintiff's 14th Amendment right to due process was violated when defendants, (a) denied plaintiff medical attention by not following the [statute] set out in O.C.G.A. Title 42 and also the Rule[s] and Regulations in 125-4-4.01 (See O.C.G.A. 42-2-11(c) and G.D.C. Standard Operating Procedures VH02-0001-VH05-000).

Accordingly, it appears as if Plaintiff brought a procedural due process claim, in addition to a cruel and unusual punishment claim, based on Defendants' alleged failure to comply with state statutes and regulations.

Defendants Fry and Mapp have moved for summary judgment with regard to Plaintiff's cruel and unusual punishment claim arguing Plaintiff could not establish Defendants were deliberately indifferent to a serious medical condition. Defendants' Motion does not address Plaintiff's procedural due process claim. Therefore, as Defendants have only moved for partial summary judgment,

Plaintiff's procedural due process claim remains.

**B. Eighth Amendment Claim**

The Eleventh Circuit holds that "to survive summary judgment on [a] section 1983, Eighth Amendment claim, [a plaintiff] is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). As Plaintiff's objections are limited to the deliberate indifference and causation factors, the substantial risk of serious harm factor will not be discussed.

1. Deliberate Indifference

The failure to provide adequate medical care to a prisoner amounts to a constitutional violation if done with "deliberate indifference." Brown v. Hughes, 984 F.2d 1533, 1537 (11th Cir. 1990). "Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" Id. at 1537-38 (quoting Estelle v. Gamble, 97 S. Ct. 285, 291 (1976)). However, not all delays in medical treatment rise to the level of a constitutional violation; negligence and/or medical malpractice is not enough. Estelle v. Gamble, 97 S. Ct. 285, 291-92 (1976). Accordingly, when a prisoner has received at least minimal medical treatment and "the dispute is over the adequacy of [that] treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). A plaintiff alleging deliberate indifference need not show, however, that the "prison official acted or failed to act believing that a harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 1981. Accordingly, "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Plaintiff asserts that evidence in the record clearly shows that Defendants Mapp and Fry were deliberately indifferent to his medical condition because each refused to perform an assessment on his foot. Specifically, Plaintiff asserts Defendant Mapp "knew nothing was done to find out what the problem was with plaintiff's left foot," "denied all of plaintiff's requests for medical attention," "deliberately went against policy," and "ignored the fact that plaintiff was being tortured with severe pain." With respect to Defendant Fry, Plaintiff asserts Defendant Fry "never did an assessment on plaintiff's foot," "gave me Ibuprofin because plaintiff ask for them," and "had no interest in plaintiff's foot." Assuming evidence in the record could establish that Defendants' conduct amounted to more than negligence, Plaintiff has provided no evidence that tends to show Defendants Mapp and Fry had subjective knowledge of a risk of serious harm and disregarded that risk.

The undisputed evidence shows that when Defendant Fry examined Plaintiff on March 20, 2003, Plaintiff complained of pain in his left foot. Plaintiff explained that he had injured his left foot several years ago and it was causing him pain. Plaintiff did not indicate that he had been recently injured. Plaintiff was provided with Ibuprofen for his pain. The following day Plaintiff presented to

Defendant Mapp at sick call. Plaintiff again complained of pain in his left foot. Although whether Plaintiff was examined during this visit is in dispute, all parties agree that Plaintiff left the medical department with crutches and pain medication.

This undisputed evidence does not indicate that either Defendant knew that Plaintiff's foot was broken or that Plaintiff had been recently injured. Further, there is no evidence that either Defendant had any reason to suspect that Plaintiff's foot was broken from a recent injury as Plaintiff indicated that the pain he was experiencing was due to an injury suffered several years earlier. In addition, there is no evidence that either Defendant disregarded a known risk of serious harm. Defendants provided medical treatment based on the information they had at the time. Although Plaintiff may have preferred a different course of treatment, the evidence, at worst, shows negligence or medical malpractice, not a constitutional violation.

2. Causation

A Plaintiff asserting a deliberate indifference claim must also provide "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.1982) (citations omitted). Further, a prison official's actions must be "the cause-not merely a contributing factor-of the constitutionally infirm condition." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993). Finally, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994) (abrogated on other grounds by Hope v. Pelzer, 122 S.Ct. 2508, 2515 (2002)).

Judge Hodge concluded Plaintiff had not established causation because no verifying medical

evidence, showing the alleged denial or delay in medical treatment caused Plaintiff's injury rather than an underlying condition or injury, had been submitted. Plaintiff objects to this conclusion and states that as a result of the denial of medical treatment his foot is permanently deformed; however, Plaintiff has yet to submit medical evidence verifying this assertion. Therefore, because verifying medical evidence is required to establish causation and Plaintiff has failed to provided the required evidence, Plaintiff has not established that the alleged denial or delay in medical treatment caused his injury.

### III. CONCLUSION

For the reasons discussed herein, United States Magistrate Judge Richard L. Hodge's Report and Recommendation (Doc. 27) is accepted and the Motion for Summary Judgment (Doc.23) filed by Defendants Fry and Mapp is granted. The Court notes that because Plaintiff's procedural due process claim remains, Defendants Fry and Mapp remain active parties in this case.

**SO ORDERED**, this the 7th day of September, 2006.

                            **/s/ Hugh Lawson**
                            **HUGH LAWSON, Judge**

scs