**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **WILLIAM BRANT,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. |
| | : | 7:04-CV-41 (HL) |
| **LAVERN FRY, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff's Motion for Reconsideration (Doc. 41) is before the Court. For the reasons discussed herein, Plaintiff's Motion is granted in part and denied in part.

**I. HISTORY**

Plaintiff originally brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison (1) violated the Eighth Amendment when they were deliberately indifferent to his medical needs and (2) violated his procedural due process rights in failing to comply with standard medical procedures established by the State of Georgia governing medical facilities in state prisons. Following discovery, Defendants Fry and Mapp moved for summary judgment arguing the evidence was insufficient to support Plaintiff's Eighth Amendment claim.

On September 7, 2006, the Court entered an Order (Doc. 34) accepting a Report and Recommendation (Doc. 27) from United States Magistrate Judge Richard L. Hodge, which recommended granting the Motion for Summary Judgment (Doc.23) filed by Defendants Fry

and Mapp. The Court found Plaintiff had failed to provide evidence establishing Defendants disregarded a known risk of serious harm or that the alleged denial or delay in medical treatment caused Plaintiff's injury. In addition, as Defendants' Motion did not address Plaintiff's procedural due process claim, the Court specifically noted that Defendants Fry and Mapp remained active in the case. Nevertheless, Judgment in favor of Defendants on all claims was subsequently entered and the case was closed. Plaintiff now asks the Court to vacate the Order and Judgment entered against him and deny Defendants' Motion.

## II. ANALYSIS

Plaintiff raises two separate points: (1) newly discovered medical evidence establishes Plaintiff suffered a permanent injury and (2) Defendant Mapp intentionally inflicted pain by ignoring Plaintiff's cry for help. First, with respect to Plaintiff's injury, the Court found that Plaintiff had not established by way of medical evidence that the alleged denial or delay in treatment caused Plaintiff's injury. To succeed in his claim, Plaintiff must not only establish that he suffered an injury, but must also establish that his injury was specifically caused by the alleged denial or delay in treatment. See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993). Although the medical evidence presented by Plaintiff does establish that he has suffered permanent damage to his foot, the evidence does not establish that the alleged delay in treatment, rather than the underlying injury, caused that damage.

Second, as throughly explained in the Court's September 7, 2006 Order, the undisputed evidence does not indicate that either Defendant knew Plaintiff's foot was broken or had been recently injured. "[A] prison official cannot be found liable under the Eighth

2

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). The undisputed evidence establishes Plaintiff complained that a previous injury was causing him pain and Defendants provided Plaintiff with Ibuprofen. Defendants Fry and Mapp simply provided medical treatment based on the information they had at the time. Therefore, Plaintiff has failed to establish either Defendant disreagarded a known risk of harm. As Plaintiff offers no additional evidence in support, Plaintiff's Motion, in so far as it seeks to overturn the Court's prior ruling, is denied.

Moreover, although Plaintiff does not directly argue that the Judgment prematurely foreclosed Plaintiff's procedural due process claim, the Court finds the Judgment is in error. Plaintiff's Complaint clearly listed two separate causes of action under 42 U.S.C. § 1983; however, Defendants Fry and Mapp only moved for summary judgment with regard to Plaintiff's cruel and unusual punishment claim. Therefore, Plaintiff's procedural due process claim remains. Accordingly, Plaintiff's Motion, in so far as it seeks to vacate the Judgment entered on October 19, 2006, is granted.

### III. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (Doc. 41) is granted in part and denied in part. The Judgment entered on October 19, 2006 is vacated and Defendants Fry and Mapp remain active parties in this case.

**SO ORDERED**, this the 20th day of April, 2007.


                                    **/s/ Hugh Lawson**
                                    **HUGH LAWSON, Judge**

scs